Marc A. Riondino, City Attorney
Office of City Attorney
City Hall, Suite 419
P. O. Box 95120
Camden, New Jersey 08101-5120
(856) 757-7170
By:  Michelle Banks-Spearman, Assistant City Attorney
Attorney for Defendant, City of Camden

_____

| | |
|---|---|
| CCTS TAX LIENS I, L.L.C., a New Jersey Limited Liability Company, and CCTS CAMDEN OPPORTUNITY FUND, L.L.C., a New Jersey Limited Liability Company, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO. 1: 11-cv-00191-(JHR-AMD) |
| Plaintiffs, | ANSWER AND DEFENSES |
| vs. UNITED STATES OF AMERICAN and the City of Camden a Municipal Corporation of The State of New Jersey; | |
| Defendants | |

Defendant, City of Camden (the "City"), by way of answer to plaintiffs' complaint, does hereby say:

**Jurisdiction and Venue**

1. Admitted.

2. Admitted.

**General Allegations and Parties**

3. Admitted.

4. Admitted.

5. Admitted.

## The Real Properties Affected by this Action
## 30 Leonard Avenue, Block 1114, Lot 67, Camden City

6. Admitted.

7. The City neither admits nor denies the truth of the allegations contained in Par. 7, but leaves Plaintiffs to their proofs.

8. Admitted that according to the City of Camden's records the owner of 30 Leonard Avenue is the Administrator of Veterans Affairs.

9. Admitted.

10. Admitted.

11. Admitted.

12. It is admitted that a tax sale certificate bearing number 7A-02021 was issued to CCTS Tax Lien I, LLC. The City neither admits nor denies the allegations contained in the balance of Par. 12 but leaves Plaintiffs to their proofs.

13. The City neither admits nor denies the truth of the allegations contained in Par. 13, but leaves Plaintiffs to their proofs.


## 1104 MacArthur Drive, Block 635, Lot 10, Camden City

14. Admitted.

15. The City neither admits nor denies the truth of the allegations contained in Par. 15, but leaves Plaintiffs to their proofs.

16. The City admits that according to its records the record owner of 1105 MacArthur Drive is the Administrator of Veterans Affairs.

17. Admitted.

18. Admitted.

19. Admitted.

20. The City admits that a tax sale certificate bearing number 6-0664 was issued to CCTS Tax Lien I, LLC. The City neither admits or denies the truth of the allegations contained in the balance of Paragraph 20 and leaves Plaintff's to their proofs.

21. Admitted.

22. The City admits that a tax sale certificate bearing number 7-0733 was issued to CCTS Tax Lien I, LLC memorializing the sale. The City neither admits nor denies the truth of the allegations contained in the balance of Paragraph 22 and leaves Plaintiff's to their proofs.

23. Admitted.

24. The City admits that a tax sale certificate bearing number 7A-00792 was issued to CCTS Tax Lien I, LLC memorializing the sale. The City neither admits nor denies the truth of the allegations contained in the balance of Paragraph 24 and leaves Plaintiffs to their proofs.

25. Admitted.

26. The City admits that a tax sale certificate bearing number 08—00842 was issued to CCTS Tax Lien I, LLC memorializing the sale. The City neither admits nor denies the truth of the allegations contained in the balance of Paragraph 26 and leaves Plaintiff's to their proofs.

27. The City neither admits or denies the truth of the allegations set forth in Par. 27 but leaves Plaintiff's to their proofs.

## REAR 1268 MORTON STREET, BLOCK 1354, LOT 148, CAMDEN CITY

28. Admitted.

29. The City neither admits nor denies the truth of the allegations set forth in Par. 29 but leaves Plaintiffs to their proofs.

30. It is admitted that the City's records show the record owner of Rear 1268 Morton Street is the Secretary of HUD.

31. Admitted.

32. Admitted.

33. Admitted.

34. The City admits that a tax sale certificate bearing number 34521 was issued to the City of Camden for the sum of $47.77 and recorded on November 17, 2005 in Mortgage Book 8009 at Page 279.

35. Admitted.

36. Admitted

37. The City neither admits nor denies the truth of the allegations contained in Par. 37 and leaves Plaintiffs to their proofs.

## COUNT ONE
### (QUIET TITLE & DECLARATORY JUDGMENT)

38. The City repeats the above answers as if set forth here at length.

39. This allegation is not directed at the City of Camden, so the City makes no answer to this allegation.

40. This is a legal conclusion, which the City is not required to answer.  The City leaves Plaintiffs to its proofs at trial.

41. This is a legal conclusion, which the City is not required to answer.  The City leaves Plaintiffs to its proofs at trial.

42. Plaintiff neither or admits nor denies the truth of the allegations contained in Par. 42 and leaves Plaintiff's their proofs.

43. Plaintiff neither admits nor denies the truth of the allegations contained in Par. 43 and leaves Plaintiff's to their proofs.

44. Plaintiff neither admits nor denies the truth of the allegations contained in Par. 44 and leaves Plaintiffs to their proofs.

## COUNT TWO
## REFUND FROM CAMDEN CITY

45. Defendant City of Camden repeats the above answers as if set forth herein at length.

46. The City of Camden neither admits nor denies the truth of the allegations contained in Par. 46 but leaves Plaintiffs' to their proofs.

47. The City of Camden neither admits nor denies the truth of the allegations contained in Par. 47 but leaves Plaintiffs' to their proofs.

48. The City of Camden neither admits nor denies the truth of the allegations contained in Par. 48 but leaves Plaintiffs' to their proofs.

49. The City of Camden neither admits nor denies the truth of the allegations contained in Par. 49 but leaves Plaintiffs' to their proofs.

## COUNT THREE
## (FORECLOSURE)

50. The City repeats the above answers as if set forth herein at length.

51. This Par. 51 is not an allegation of fact and the City makes no answer to this Par. 51.

52. Admitted.

53. Admitted.

54. Denied.

55. The City neither admits nor denies the truth of the allegations contained in Par. 55, but leaves Plaintiffs to their proofs.

56. The City neither admits nor denies the truth of the allegations contained in Par. 56, but leaves Plaintiffs to their proofs.

57. The City neither admits nor denies the truth of the allegations contained in Par. 57, but leaves Plaintiffs to their proofs.

.

**Conclusion/Demand**

WHEREFORE, Answering defendant demands judgment in its favor as follows:

A. A determination that the tax sale certificates are valid; and

B. Granting Plaintiff's relief, except that if the Court determines that Tax

        Sale Certificate Number 34521 is invalid that any refund determined to be due Plaintiff is owed from the Tax Lien Financing Corporation and not the City of Camden; and

C.    For such other relief as the court deems equitable and just.

## SEPARATE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, and answering defendants reserve the right to move to dismiss plaintiff's Complaint on those grounds.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part, and the proceeds and/or any recovery resulting therefrom are barred, limited, and/or controlled by any/all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and the plaintiff's failure to comply with the said provisions, including as if listed herein separately and particularly each and every section encompassed therein.

### THIRD AFFIRMATIVE DEFENSE

Defendants are immune from suit for the acts alleged in plaintiff's Complaint pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:5 –2.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part due to the absolute and/or qualified immunity accorded to the defendants.

FIFTH AFFIRMATIVE DEFENSE

Answering defendants performed each and every duty owed to the plaintiff.  If defendants are found to have breached any obligation or duty owed to the plaintiff, which breach is specifically denied, such breach was not the proximate cause of any injury or loss that the plaintiff may have sustained.

SIXTH AFFIRMATIVE DEFENSE

The answering defendants were not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part, as the answering defendant is immune by virtue of the good faith exercise of its agents, servants and employees official duties.

EIGHTH AFFIRMATIVE DEFENSE

The defendants, their agents, servants and/or employees, acted upon reasonable grounds and without malice and are therefore not answerable to the plaintiff for damages or losses.

NINTH AFFIRMATIVE DEFENSE

These defendants performed all contractual and/or other duties to the plaintiff and/or any other interested party as complained of in this action.

TENTH AFFIRMATIVE DEFENSE

The incident described in the Complaint was caused wholly or partly by the negligence or intentional acts of the plaintiff, and plaintiff is barred from recovery, or his recovery is reduced thereby.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants submit that the within suit is without legal or factual merit, and said Answering defendants hereby reserve the right to seek appropriate relief under the New Jersey Frivolous Law Suit Statute, N.J.S.A. 2A:15-59.1 et seq.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in good faith based upon the information available to them at the time of the incident.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of equitable/legal estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's contributory negligence and/or deliberate action was the sole proximate cause of any alleged damages suffered by the plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

In the event that it is found that the acts of the agents, servants or employees of the defendant were performed with malice and based upon unreasonable grounds, said

acts are outside the scope of authorization from the defendant, City of Camden, and are outside the scope of its employment. As such, Defendant City of Camden is not answerable to the plaintiff for damages, as liability would not attach to said defendant.

      WHEREFORE, defendant, City of Camden, hereby demands judgment in its favor as follows:

    A.    Dismissing the Complaint as to the City of Camden; and

    B.    For such other relief as the court deems equitable and just.

                                      Marc A. Riondino
                                      City Attorney

Date: November 17, 2010        By:    *s/s:Michelle Banks-Spearman*
                                            MICHELLE BANKS-SPEARMAN
                                            Assistant City Attorney

<u>RESERVATION OF DEFENSES AND OBJECTIONS</u>

The answering defendant hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I certify, that to the best of my knowledge and belief, that the matter in controversy is not the subject matter of any other action pending in any Court, nor of any pending arbitration or administrative proceeding.

Date: January 28, 2011          By:     s/s Michelle Banks-Spearman
                                        MICHELLE BANKS-SPEARMAN
                                        Assistant City Attorney

DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michelle Banks-Spearman, Assistant City Attorney, is hereby designated as trial counsel in the above matter.

                                        Michelle Banks-Spearman
                                        City Attorney

Date: January 28, 2011          By:     s/s Michelle Banks-Spearman
                                        MICHELLE BANKS-SPEARMAN
                                        Assistant City Attorney

**PROOF OF SERVICE**

I, the undersigned, served electronically via CM/ECF a copy of the above Answer and Separate Defenses on behalf of defendant, the City of Camden, to Adam Greenberg, counsel to plaintiffs CCTS Tax Liens I, LLC and CCTS Camden Opportunity Fund, L.L.C.at 1949 Berlin Road, Suite 200,Cherry Hill, New Jersey

08003-3737  and to: the United States Attorney's Office, 401 Market Street, P.O. Box 2098, Camden, NJ 08101.


Date: January 28, 2011        By:    <u>s/s Michelle Banks-Spearman</u>
                                                               MICHELLE BANKS-SPEARMAN
                                                               Assistant City Attorney